[J-35-2015] [MO:Stevens, J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| THOMAS A. JOSEPH, THOMAS J. JOSEPH, ACUMARK, INC., AIRPORT LIMOUSINE AND TAXI SERVICE INC., | : | No. 135 MAP 2014 |
| | : | |
| | : | Appeal from the Order of Superior Court |
| | : | at No. 929 MDA 2012 dated March 11, |
| Appellees | : | 2014, Reconsideration Denied May 13, |
| | : | 2014, Vacating and Remanding the |
| | : | decision of the Luzerne County Court of |
| v. | : | Common Pleas, Civil Division, at No. |
| | : | 2002-3816C judgment entered April 23, |
| | : | 2012. |
| THE SCRANTON TIMES L.P., THE | : | |
| TIMES PARTNER, JAMES CONMY AND | : | ARGUED: May 6, 2015 |
| EDWARD LEWIS, | : | |
| | : | |
| Appellants | : | |

## CONCURRING AND DISSENTING OPINION

**MR. JUSTICE EAKIN**                              **DECIDED: November 20, 2015**

I agree with the Majority's holdings that proof of reputational harm is a prerequisite for a private plaintiff to recover for other actual injuries, that the Superior Court erred in framing the trial court's credibility determinations as legal errors, and that a private plaintiff may recover presumed and punitive damages from media defendants upon proof of actual malice.

Here, the trial court never made a determination related to any type of fault, much less a determination of actual malice. See Majority Slip Op., at 52. While I recognize the existence of actual malice is a question of law, Tucker v. Phila. Daily News, 848 A.2d 113, 130 (Pa. 2004) (citations omitted), I think it prudent to allow the trial court to address the issue in light of this matter's tortuous and complicated history. The issue has been spoken of to some degree in this appeal, but I believe a more

prudent course would be to remand for that determination. Cf. <u>Kurowksi v. Burroughs</u>, 994 A.2d 611, 617 (Pa. Super. 2010) (noting trial court's responsibility to determine, in first instance, whether statement capable of being defamatory); <u>Weber v. Lancaster Newspapers, Inc.</u>, 878 A.2d 63, 76 (Pa. Super. 2005) ("The classification of a plaintiff as a public or private figure is a question of law to be determined initially by the trial court and then carefully scrutinized by an appellate court.") (citation and internal quotation marks omitted). Otherwise, I join the Majority's opinion in full.

Mr. Justice Baer joins this concurring and dissenting opinion.